IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHANNON COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-00754-MDH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434 and her application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. This Court has carefully reviewed the record before it, and finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The decision of the Commission is affirmed.

## BACKGROUND

Plaintiff filed her application for disability insurance benefits on September 16, 2011. Plaintiff was born in 1968 and claims she became disabled beginning February 4, 2009. Plaintiff's disability report states she has an alleged disability due to upper and lower back; depression; asthma; high blood pressure; and pain in legs from nerve damage.

The claim was initially denied on December 5, 2011. Plaintiff filed a request for an Administrative Law Judge hearing, and after the hearing on May 3, 2013, the ALJ issued a decision finding the Plaintiff was not disabled as defined by the Act. Plaintiff then filed a request for Review of the ALJ's decision before the Appeals Council, which was denied on July 2, 2014.

The ALJ found that Plaintiff had severe impairments that included osteoarthritis in her left knee status post left knee surgery, degenerative disc disease in her lumbar and cervical spine, peripheral sensory and motor neuropathy, denerving changes at the L4-L5, L5-S-1, C6/C7 and C7/C8 nerve roots, fibromyalgia and asthma. However, the ALJ held that Plaintiff does not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ determined that Plaintiff retained the RFC to perform work that exists in significant numbers in the national economy, including work as a document scanner and a surveillance systems monitor.

Based on the ALJ's findings, the ALJ found that the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Plaintiff's current appeal argues the ALJ failed to derive a proper mental RFC.

## **DISCUSSION**

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal

of the Commissioner's decision." *Id.,* citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

In order to qualify for benefits under the Social Security Act and the accompanying regulations, Plaintiff must establish she is disabled. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010); citing, *Pate–Fires v. Astrue,* 564 F.3d 935, 942 (8th Cir.2009). "Disability is defined as the inability 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.'" *Id.*, quoting 42 U.S.C. § 1382c(a)(3)(A). To determine disability, the ALJ follows an established five-step process that considers whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work. *Id.*, citing, 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a).

3

Case 4:14-cv-00754-MDH   Document 14   Filed 07/28/15   Page 3 of 9

A. **<u>Substantial Evidence Supports the ALJ's RFC Assessment.</u>**

Plaintiff argues the ALJ's Decision failed to include any mental health limitations despite substantial evidence indicating Plaintiff's severe and non-severe impairments, in combination, limit Plaintiff's concentration and focus.

RFC assessments are reserved to the Commissioner and are based on the record as a whole. 20 C.F.R. § 404.1527(d)(2). "RFC is defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); citing, *Leckenby v. Astrue*, 487 F.3d 626, 631 n. 5 (8th Cir. 2007)(internal quotations, alteration, and citations omitted). "The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). "However, the burden of persuasion to prove disability and demonstrate RFC remains on the claimant." *Id.* "The record must be evaluated as a whole to determine whether the treating physician's opinion should control." *Id.* When a treating physician's opinions "are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight." *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010); citing, *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005), citing, *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001). The ALJ must first evaluate the claimant's credibility before determining a claimant's RFC. *Id.*

Here, the ALJ provided an extensive review and analysis based upon the statutes, medical evidence and testimony. The ALJ considered the four functional areas set out for evaluating

4

mental disorders and found that Plaintiff's did not cause more than minimal limitation in her ability to perform basic mental work activities and were therefore non-severe. Plaintiff testified at the hearing she did not get mental health treatment but takes depression and anxiety medicine.[1] Further, she denied having depression and anxiety to some of her doctors. The ALJ recognized Plaintiff's testimony regarding depression and anxiety symptoms but concluded that those impairments were non-severe because they had no more than a minimal effect on her ability to work.

The ALJ then evaluated Plaintiff's RFC based on the record as a whole, including the medical records and plaintiff's testimony. In determining credibility, an ALJ should consider the claimant's prior work history; observations by third parties and treating and examining physicians relating to daily activities; duration, frequency and intensity of the pain; dosage, effectiveness and side effects of medications; precipitating and aggravating factors; and functional restrictions. *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). However, an ALJ "need not explicitly discuss each Polaski factor." See *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). If there are inconsistencies as a whole, it is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints. *Id.* "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." *Halverson v. Astrue,* 600 F.3d 922, 932 (8th Cir. 2010).

Here, the ALJ found Plaintiff's testimony and reports to be less than credible for multiple reasons. The ALJ found that Plaintiff's allegations were not consistent with medical examinations. Further, the ALJ noted "the claimant does not have a strong earnings record,

---

[1] The medical records reflect that Plaintiff was referred to psychiatry "per guidelines for bariatric surgery."

5

which does not evidence a strong motivation to work and suggests that the claimant's continued failure to work is due to reasons other than her impairments." The ALJ also stated Plaintiff's daily activities were inconsistent with her testimony that she cannot work, and rather are consistent with the finding that Plaintiff could perform sedentary work. For example, Plaintiff is able to prepare simple meals, shop and perform housework.

The ALJ found, after considering the entire record, and testimony at the hearing, Plaintiff has the RFC to lift and carry ten pounds occasionally and less than ten pounds frequently, stand or walk for a total of two hours and sit for a total of six hours in an eight-hour workday. Plaintiff must be allowed to alternate between sitting and standing at least every thirty minutes and can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds. Further, the ALJ found that she can occasionally stoop, but never balance, kneel, crouch or crawl and can frequently reach, but most avoid overhead reaching. Plaintiff must use a handheld assistive device for uneven terrain and prolonged ambulation. Plaintiff must avoid exposure to extreme cold, extreme heat, humidity, irritants, exposure to operational control of moving machinery, unprotected heights and hazardous machinery.

Here, the Court finds the ALJ did not commit error and was in a better position than this Court to assess Plaintiff's credibility in relation to the record as a whole. Therefore, the Court finds the ALJ's determination regarding Plaintiff's RFC is supported by substantial evidence on the record as a whole.

**B. <u>Substantial Evidence Supports the ALJ's Consideration of Dr. Dymek's Opinion.</u>**

Generally, a treating physician's opinion is given at least substantial weight under the Social Security Administration regulations. 20 C.F.R. §§ 404.1527(c), 416.927(c), see also, *Brown v. Colvin,* 2014 WL 1687430 *2 (W.D. Mo. 2014). However, such an opinion "does not

automatically control or obviate the need to evaluate the record as a whole." *Brown v. Colvin*, 2014 WL 1687430, at *2 (W.D. Mo. Apr. 29, 2014); citing, *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). Rather, an "ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions." *Id.*; citing, *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

"In determining how much weight to accord a physician's opinion, the ALJ must take into account a variety of considerations including: whether the opinion is supported with facts and evidence; whether the opinion is consistent with other evidence and opinions, including the physician's own notes; and whether the physician's specialty gives her greater credibility." *Id,* citing, 20 C.F.R. §§ 404.1527(c), 416.927(c); and *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012).

Here, the ALJ resolved conflicts, if any, in the medical records by taking into account the record as a whole, including Plaintiff's own testimony and the opinion of Dr. Rymer. One of the ALJ's functions is to resolve any conflicts in the evidence. See *Pearson v. Massanari,* 274 F.3d 1211, 1219 (8th Cir. 2001). Again, the Court finds the ALJ did not commit error and was in a better position than this Court to assess the medical records as a whole, considering Plaintiff's testimony and the ALJ's evaluation of Plaintiff's credibility. Therefore, based on the record before the Court, the Court finds the ALJ's determination is supported by substantial evidence on the record as a whole.

**C. The Record Was Sufficiently Developed by the ALJ.**

"A disability claimant is entitled to a full and fair hearing under the Social Security Act." *Hepp v. Astrue*, 511 F.3d 798, 804 (8th Cir. 2008). As already stated herein, the ALJ's

7

determination was based on the evidence in the record, including medical records, observations of treating physicians and others, and plaintiff's own description of her limitations. See *Krogmeier v. Barnhart,* 294 F.3d 1019, 1024 (8th Cir. 2002). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010); citing, *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994). In this case, the ALJ considered the medical records, Plaintiff's testimony, and other evidence in making the determination Plaintiff was not entitled to disability benefits. As described above, there was substantial evidence in the record as a whole to support the ALJ's decision.

Further, the ALJ held that the Plaintiff did not have a mental impairment that limited the Plaintiff's ability to perform basic mental work activities. The ALJ found that the Plaintiff has no more than mild limitations in her daily living, no more than mild limitations in social functioning and no more than mild limitation in concentration, persistence or pace. The ALJ further found that there were no episodes of decompensation which have been of extended duration. As a result, the ALJ held that Plaintiff's mental impairment was non-severe.

While the Plaintiff has the burden to prove a disability, 20 C.F.R. § 404.1512, the ALJ has the duty to develop a complete record. However, the ALJ has discretion in development of the record, and as previously stated, this Court's standard of review is whether the ALJ's determination is supported by substantial evidence on the record as a whole. As long as the record contains enough evidence to support the determination, the ALJ is not required to seek additional evidence. See *Tellez v. Barnhart,* 403 F.3d 953, 956-57 (8th Cir. 2005)("there is no indication that the ALJ felt unable to make the assessment he did and his conclusion is supported by substantial evidence" therefore, there is no evidence further development of the record was

necessary.); see also *Haley v. Massanari,* 258 F.3d 742, 749-50 (8th Cir. 2001). If additional evidence is necessary for the ALJ to make an informed decision than he must ensure the record is fully developed. *Haley,* 258 F.3d at 749. However, when there is substantial evidence in the record to allow the ALJ to make an informed decision no further evidence is necessary. *Id.*

Here, there is no evidence the ALJ committed error in development of the record and as previously stated the ALJ's Decision is supported by the evidence in the record as a whole.

## CONCLUSION

For the reasons set forth herein, there is substantial evidence on the record as a whole to support the ALJ's determination, and the Commissioner's decision denying benefits is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED: July 28, 2015

>  */s/ Douglas Harpool*
> **DOUGLAS HARPOOL**
> **UNITED STATES DISTRICT JUDGE**